IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10374
Summary Calendar
_____


OTIS CHAMP ALLEN,

                                        Plaintiff-Appellant,

versus


TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION; FRENCH ROBERTSON UNIT, Employees,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:96-CV-172-N
- - - - - - - - - -
January 22, 1998
Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Otis Champ Allen, Texas prisoner #493474, proceeding pro se

and in forma pauperis (IFP), filed a civil rights suit against

the Texas Department of Criminal Justice, Institutional Division

(TDCJ-ID), and the employees of the French Robertson Unit.  Allen

alleged that the TDCJ-ID improperly implemented a policy of

issuing parole "set-offs" and "serve alls" which was not in place

when he was sentenced, and violated double-jeopardy principles by

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

revoking his parole for a misdemeanor offense for which he paid a fine.  He also alleged that numerous French Robertson Unit employees took his personal property and filed false disciplinary charges against him.  The district court dismissed Allen's complaint pursuant to 28 U.S.C. § 1915A.

Allen appeals, but does not challenge the basis for the district court's dismissal.  Because Allen does not address on appeal the district court's reasons for dismissing the complaint, he has abandoned the only appealable issue.

For the first time on appeal, Allen asserts that certain prison conditions violate his constitutional rights.  This court reviews contentions not raised in the district court for plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428 (5th Cir. 1996)(en banc).  Allen can show no plain error because the district court did not consider this factual issue he raises the first time on appeal.  Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995).

Allen's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  It is therefore DISMISSED.  5th Cir. R. 42.2.  Allen's "Motion for Acquittal" is DENIED.

We caution Allen that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Allen is further cautioned to review any

pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.